# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA PIPE RECYCLING, INC., | CASE NO. CV F 08-0236 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANTS' RECONSIDERATION MOTION** |
| vs. | |
| SOUTHWEST HOLDINGS, INC., et al, | |
| Defendants. | |

## INTRODUCTION

Defendants Southwest Pipe Services, Inc. ("Southwest Pipe"), S.W. Pipe Holdings, Inc. ("S.W. Pipe Holdings") and Joseph Briers ("Mr. Briers")[1] seek reconsideration of denial of dismissal of plaintiff California Pipe Recycling, Inc.'s ("Cal Pipe's") interpleader and declaratory relief claims. The Briers defendants contend that 28 U.S.C. § 1335 ("section 1335") interpleader requirements are not satisfied to warrant dismissal of this action. This Court considered the Briers defendants' reconsideration motion on the record and VACATES the October 29, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court GRANTS reconsideration insofar as Cal Pipe fails to establish subject matter jurisdiction under section 1335. However, this Court DENIES further reconsideration and permits Cal Pipe's interpleader claims against the Briers defendants to proceed under F.R.Civ.P. 22

---

[1] Southwest Pipe, S.W. Pipe Holdings and Mr. Briers will be referred to collectively as the "Briers defendants."

1

and its interpleader and declaratory relief claims against the Briers defendants under diversity jurisdiction.

## BACKGROUND

### The Parties, Their Litigation And Transfer Of Conveyor Equipment

Cal Pipe is a California corporation located in Bakersfield. Mr. Briers is president and sole shareholder of Southwest Pipe, a Texas corporation located in Brazoria County, Texas. Mr. Briers resides in Fort Bend County, Texas. S.W. Pipe Holdings is a Texas corporation which conducts business in Texas. Mr. Briers appears to be the president, secretary and sole shareholder of S.W. Pipe Holdings.

Mr. Briers and Raymond Briers, Jr. ("Ray Briers") are brothers and were co-owners of defendant Briers Pipe Services Corporation ("Briers Pipe"), a Texas corporation.[2] Briers Pipe conducted pipe cleaning and brokering and leased land and buildings for its business ("Hooper Road Property") from Raymond Briers, Sr. ("Ray Sr."), the father of Mr. Briers and Ray Briers. Mr. Briers and Ray Briers started to disagree over Briers Pipe in late 2002 or early 2003, and Briers Pipe ceased operations at the Hooper Road Property in mid-March 2003. Around that same time, Mr. Briers began to operate as Southwest Pipe at the Hooper Road Property and apparently used the same employees, equipment and other assets which Briers Pipe had used. In August 2003, Southwest Pipe was incorporated. Southwest Pipe contends that it conducted its business separate from Briers Pipe at the Hooper Road Property and that Southwest Pipe and Briers Pipe never operated together.

In September 2003, an apparent disagreement between Ray Sr. and Mr. Briers resulted in Mr. Briers' ejection from the Hooper Road Property and T&R Pipe Services, Inc.'s ("T&R Pipe's") (an entity associated with Ray Briers) lease of the Hooper Road Property to operate a business similar to Briers Pipe but with more emphasis on pipe brokering.

Mr. Briers instituted a Harris County, Texas action entitled *Joseph Briers v. Raymond Briers, Sr, et al.* ("*Briers v. Briers, Sr.*") against Ray Sr. and Ray Sr.'s company, Billco Construction and Pipe Coating, Inc. ("Billco"). The litigation quickly resolved and culminated with a settlement agreement among Mr. Briers, Ray Briers, Ray Sr., Billco and Southwest Pipe to divide assets, many of which

---

[2] At Cal Pipe's request, the clerk has entered default against Briers Pipe in this action.

1  appear to have been Briers Pipe's assets. Ray Briers, Ray Sr. and Briers Pipe executed a quit claim in
2  favor of Mr. Briers for scrap pipe and conveyor equipment subsequently transferred to Cal Pipe and at
3  issue in this action. Although identified in the settlement agreement, Briers Pipe was neither a party nor
4  signatory to it. Briers Pipe received nothing for the transfer of assets that may have belonged to it,
5  including the conveyor equipment.

6  Defendant Robert P. Ingrum ("Mr. Ingrum") is a Texas resident and instituted a Uvalde, County
7  Texas action against Briers Pipe regarding a defaulted hunting license. In November 2003, a default
8  judgment was entered against Briers Pipe only after the conveyor equipment at issue here was
9  transferred to Mr. Briers/S.W. Pipe Holdings[3] as part of the *Briers v. Briers, Sr.* settlement. Mr. Ingrum
10 contends that Briers Pipe and other defendants in this action fraudulently transferred Briers Pipe's assets,
11 including the conveyor equipment, during October 2002 to September 2003. Southwest Pipe contends
12 that at all times, the conveyor equipment "was the property of S.W. Pipe Holdings, Inc."

13 Defendant Robbye Waldon ("Mr. Waldon") is a Texas resident and trustee of Mr. Briers'
14 discharged Chapter 7 bankruptcy. Cal Pipe appears to claim that Mr. Briers did not disclose in his
15 bankruptcy the conveyor equipment at issue here and that the conveyor equipment was potentially part
16 of the bankruptcy estate.

17 **Mr. Briers' Return Of Cal Pipe Stock**

18 In 2005, Mr. Briers became a quarter shareholder of Cal Pipe and agreed to relocate the
19 conveyor equipment at issue here from Houston to California. After shareholder discord, Cal Pipe and
20 Mr. Briers entered into a March 27, 2007 agreement entitled "Majority Consent to Action by Directors
21 and Shareholders Without a Meeting" ("consent") by which Mr. Briers resigned as a Cal Pipe officer
22 and director, sold back his Cal Pipe voting shares, and released any interest in Cal Pipe. Pursuant to the
23 consent, Mr. Briers/S.W. Pipe Holdings sold to Cal Pipe for $187,500 the subject conveyor equipment
24 which has been modified and incorporated as a component of Cal Pipe's pipe cleaning machine. Cal
25 Pipe entered into a $167,5000 promissory note, dated April 13, 2007 ("promissory note"), to agree to

---

28  [3] The parties are unclear whether the conveyor equipment was transferred to Mr. Briers, S.W. Pipe Holdings or both of them.

3

make 24 monthly payments of $6,980 to Southwest Pipe.[4] The promissory note states: "This Note is executed in Kern County, California and proper venue for any arbitration or litigation arising out of the same shall be in Kern County, California, only." As of the filing of this action, a $111,660 balance remained on the promissory note. Cal Pipe claims that it invested $125,000 to incorporate the conveyor equipment into its modified pipe cleaning machine which is located in Bakersfield.

Attached to the consent is a "Mutual General Release" which includes a choice of venue provision:

> In the event any action, suit, or other proceedings is instituted to remedy, prevent or obtain relief from a breach of the Agreement, proper venue for any such arbitration or litigation shall be Kern County, California, only, and the parties waive any right to change of venue.

By Mr. Briers, S.W. Pipe Holdings signed an acknowledgment and agreement to the consent and its attachments, including the promissory note and mutual general release.

### Mr. Ingrum's Texas Fraudulent Transfer Action

Since November 2006, Mr. Ingrum has pursued a Harris County, Texas action entitled "*R.P. Ingrum v. Briers Pipe Services, Corp., et al.*" to allege that Briers Pipe fraudulently transferred scrap pipe and the conveyor equipment at issue here to Mr. Briers, Ray Briers, Southwest Pipe and/or T&R Pipe and that some or all of the defendants conspired with Briers Pipe to avoid paying Mr. Ingrum's default judgment against Briers Pipe. Mr. Ingrum pursues his fraudulent transfer claims as a judgment creditor of Briers Pipe in connection with the default judgment against Briers Pipe in the Uvalde County, Texas action and pursuant to a breach of contract claim against Briers Pipe stemming from failure to pay a 2000-2001 hunting license.

The Briers defendants note that in January 2008, Mr. Ingrum's counsel allegedly threatened to pursue claims against Cal Pipe for payments made on the conveyor equipment which Mr. Briers/S.W. Pipe Holdings transferred to Cal Pipe. The Briers defendants further contend that in response to the threat, Cal Pipe discontinued to pay Mr. Briers/S.W. Pipe Holdings on the promissory note and filed this

---

[4] Confusion arises in that the promissory note is payable to Southwest Pipe although the consent reflects that S.W. Pipe Holdings is the seller of the subject conveyor equipment. In addition, the other portion of the purchase price was title to $15,250 of segregated pipe.

4

action to attempt to interplead potential payments to Mr. Ingrum to address his fraudulent transfer and/or default judgment claims. The Briers defendants attribute Mr. Ingrum to contend that payments made to Mr. Briers/S.W. Pipe Holdings should be used be used to satisfy a potential judgment against Southwest Pipe and/or Mr. Briers arising from the default judgment against Briers Pipe in the Uvalde County, Texas action. The Briers defendants contend that disputes as to the correct owner and title of the conveyor equipment at issue here and to whom payments should be made will be determined in Mr. Ingrum's fraudulent transfer action in Harris County, Texas.

Mr. Ingrum contends that he did not learn of Cal Pipe's relationship with the conveyor equipment, Mr. Briers and Southwest Pipe until Mr. Brier's January 8, 2008 deposition. Mr. Ingrum claims that he offered to release Cal Pipe from liability for the conveyor equipment's value if Cal Pipe interplead promissory note payments into Mr. Ingrum's pending Harris County, Texas fraudulent transfer action.

### Cal Pipe's Claims

On February 15, 2008, Cal Pipe filed this action to allege declaratory relief and interpleader claims. Cal Pipe alleges that it relied on Mr. Briers' assertions that he sold the conveyor equipment "free of any liens" and that Mr. Briers "may not have held clear title to the conveyor equipment, and that other parties, each adverse to the other, may have an interest in the subject property." Cal Pipe seeks this Court's declaratory relief that:

1. The consent is valid;
2. Cal Pipe is a "good faith purchaser for value, free of any wrongdoing toward any claimants"; and
3. Cal Pipe is discharged from liability of the claims of any defendant provided that Cal Pipe may make monthly promissory note payments to the Court or a party designated by the Court.

To that end, Cal Pipe seeks to continue to interplead into this Court its monthly payments and to restrain proceedings against Cal Pipe to recover "amounts due and payable under the note."

### The Briers Defendants' Motion To Dismiss

The Briers defendants filed June 6, 2008 papers to dismiss this action on grounds that this Court

5

lacks federal question or diversity jurisdiction and personal jurisdiction over the Briers defendants. Cal Pipe opposed the motion to dismiss and contended that section 1335, the interpleader statute, and the promissory note's forum selection clause invoked this Court's jurisdiction over Cal Pipe's claims and the Briers defendants. This Court's July 8, 2008 order denied dismissal of this action against the Briers defendants on grounds that:

1. The Briers defendants failed to challenge meaningfully this Court's jurisdiction under section 1335;

2. The promissory note and consent's forum selection clauses indicated the Briers defendants' intent to litigate in California to support exercise of personal jurisdiction over them; and

3. The Briers defendants had sufficient minimum contacts with California for this Court's exercise of personal jurisdiction over them.

### Status Of This Action

The Briers defendants and Mr. Ingrum are the only defendants who have appeared in this action. The clerk has entered default against Briers Pipe, which takes the position that the funds at issue belong to Mr. Ingrum or Mr. Waldon, the trustee of Mr. Briers bankruptcy. Mr. Waldon accepted service of the summons and complaint on September 30, 2008 but has not appeared.

### The Briers' Defendants Reconsideration Motion

On August 19, 2008, the Briers defendants filed papers which this Court construes as a motion to reconsider denial of dismissal. The Briers defendants note that since this Court vacated the July 14, 2008 hearing on the motion to dismiss, "the Court was not supplied with all the facts necessary to make an informed decision" and that the Briers defendants intended "to provide any facts necessary at the hearing" but were unaware that the Court would vacate the hearing and rule on the motion to dismiss.[5] The Briers defendants ask the Court to "reconsider" their motion to dismiss.

/ / /

---

[5] The Briers defendants filed no reply papers to support their motion to dismiss and were apparently ignorant of Local Rule 78-230(h), which permits this Court to consider motions on the record without oral argument. This Court's practice is to vacate hearings and consider motions on the record without oral argument. The hearing date sets the briefing schedule under Local Rule 78-230(c) and (d) for opposition and reply papers.

## DISCUSSION

### Reconsideration Standards

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (emphasis in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

The Briers defendants offer limited new facts to support dismissal and appear to focus on an error of law.

### The Interpleader Statute

Cal Pipe's complaint seeks to invoke this Court's "Diversity Jurisdiction, under the standards of 28 USCS § 1332, and as a Federal Question under 28 USCS § 1335." The Briers defendants challenge Cal Pipe's allegation of jurisdiction under section 1335, the interpleader statute which provides in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm, or corporation . . . having in his custody or possession money or property of value of $500 or more, or having issued a note . . . of value or amount of $500 or more, or providing for the delivery or payment . . . of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

7

>     (1) Two or more **adverse claimants, of diverse citizenship** . . . are claiming or may claim to be entitled to such money or property . . .; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court . . . conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.  (Bold added.)

Section 1335 requires "a fund greater than $500; adverse claimants of diverse citizenship; a deposit of the fund in court; and a disinterested stakeholder." *Mendez v. Teachers Ins. & Annuity Ass'n*, 982 F.2d 783, 787 (2nd 1992).  A "basic jurisdictional requirement of a statutory interpleader action is that there be 'adverse claimants' to a particular fund." *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978).

### *Diverse Claimants*

The Briers defendants challenge the diversity of claimants.  Section 1335 "requires that two or more of the adverse claimants of the interpleaded funds be 'of diverse citizenship.'" *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1382 (1998); *see State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530, 87 S.Ct. 1199 (1967) (section 1335 "has been uniformly construed to require . . . diversity of citizenship between two or more claimants.")

Cal Pipe claims that Southwest Pipe and S.W. Pipe Holdings' corporate "residence" can be deemed California based on the forum selection clauses of the promissory note and consent and this Court's exercise of personal jurisdiction over Sourthwest Pipe and S.W. Pipe Holdings given their minimum contacts with California. Citing to a corporate venue statute and an unpublished decision, Cal Pipe argues that Southwest Pipe and S.W. Pipe Holdings's presence in California renders them diverse from Mr. Ingrum to satisfy section 1335 minimal diversity.  Although novel, such notion is unsupported.

Cal Pipe's complaint names as defendant or adverse claimants only Texas citizens.  The face of the complaint demonstrates a lack of requisite minimal diversity under section 1335 and thus fails to invoke this Court's jurisdiction under section 1335.

### *Disinterested Stakeholder*

The Briers defendants contend that Cal Pipe is not disinterested in that it has "a history of animosity" with Mr. Briers based on the discord culminating in Mr. Briers' departure from Cal Pipe and other litigation and disputes between Mr. Briers and Cal Pipe and its president.  The Briers defendants

note that Cal Pipe has a motive to divert money by this interpleader action from Mr. Briers to hamper his ability to litigate against Cal Pipe and related parties.

The Briers defendants' disinterested stakeholder arguments are irrelevant to the matters of which the Briers defendants seek reconsideration.

### **Other Federal Jurisdiction**

The Briers defendants challenge Cal Pipe's assertion of "federal question" jurisdiction. The Briers defendants appear to assume that Cal Pipe asserts "federal question" jurisdiction apart from section 1335. The Briers defendants point to F.R.Civ.P. 22, which establishes an interpleader remedy separate from section 1335:

> In addition to section 1335, Fed.R.Civ.P. 22 provides for interpleader actions in the federal courts. Rule 22, however, is merely a procedural device; it confers no jurisdiction on the federal courts. . . Accordingly, an interpleader action under Rule 22 must fall within some statutory grant of jurisdiction.

*Morongo Band*, 858 F.2d at 1382; *see Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 488 (jurisdiction for a F.R.Civ.P. 22 interpleader action "must arise from a federal statute" – diversity or federal question).

Cal Pipe's complaint asserts this Court's jurisdiction "as a Federal Question under 28 U.S.C. § 1335." Cal Pipe appears to rely on section 1335 alone as its grounds for "federal question" jurisdiction. As noted above, Cal Pipe fails to satisfy section 1335's minimal diversity requirement.

The Briers defendants fail to address diversity jurisdiction under 28 U.S.C. § 1332, another basis by which Cal Pipe seeks to invoke this Court's jurisdiction. "[A] federal court has diversity jurisdiction over an interpleader action brought pursuant to the Rule [22] so long as the stakeholder . . . is diverse from every claimant." *Franceskin v. Credit Suisse*, 214 F.3d 253, 259 (2nd Cir. 2000); *see* 28 U.S.C. § 1332(a)(2) (conferring diversity jurisdiction over actions between a "citizen[] of a State and citizens . . . of a foreign state.") For F.R.Civ.P. 22 interpleader actions, if there is complete diversity between the stakeholder and all claimants, the fact that some claimants may be citizens of the same state is immaterial. 2 Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Federal Procedure Before Trial (2008) Actions with Special Procedural Requirements, para. 10:110, p. 10-29 (citing *Aetna Cas. & Sur. Co. v. Schmitt*, 441 F.Supp. 440 (N.D. Cal. 1977)).

Cal Pipe's complaint alleges complete diversity for a F.R.Civ.P. 22 interpleader action. Cal Pipe is a California citizen and defendants or claimants are Texas citizens. There is no California defendant to disrupt diversity jurisdiction under 28 U.S.C. § 1332. As such, this Court construes this action to proceed against the Briers defendants under F.R.Civ.P. 22 with complete diversity.

The Briers defendants correctly note that 28 U.S.C. § 2361, the nationwide service of process statute, applies only to section 1335 interpleader actions. As such, F.R.Civ.P. 22 interpleader actions are subject to the general rules of service of process and personal jurisdiction. 2 Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Federal Procedure Before Trial (2008) Actions with Special Procedural Requirements, para. 10:120, p. 10-30. The Briers defendants do not challenge meaningfully this Court's findings of the Briers defendants' sufficient minimum contacts with California for this Court's exercise of personal jurisdiction over them. Moreover, Cal Pipe presents further evidence to reveal Southwest Pipe's further business transactions in and contacts with California. As such, this Court is satisfied as to the existence of subject matter jurisdiction (F.R.Civ.P. 22 interpleader/diversity) and personal jurisdiction to pursue Cal Pipe's claims against the Briers defendants. Moreover, the Briers defendants assert no meaningful challenge to the consent and promissory's notes forum selection clauses, a further basis to assert personal jurisdiction over them.

## CONCLUSION AND ORDER

For the reasons discussed above, this GRANTS reconsideration insofar as Cal Pipe fails to establish subject matter jurisdiction under section 1335. However, this Court DENIES further reconsideration in that as to Cal Pipe's F.R.Civ.P. 22[6] interpleader and declaratory relief claims against the Briers defendants, this Court has subject matter jurisdiction and personal jurisdiction.

This Court will proceed with the October 29, 2008 status conference at which Cal Pipe shall be prepared to discuss whether in light of this order: (1) Cal Pipe intends to continue to pursue its claims

/ / /

/ / /

---

[6] This Court recognizes that Cal Pipe's second cause of action is entitled "Statutory Interpleader (28 U.S.C. § 1335)." In light of this Court's ruling, this Court construes Cal Pipe's interpleader claims against the Briers defendants to proceed under F.R.Civ.P. 22 and diversity jurisdiction.

in this action or in a Texas action; and (2) Mr. Waldon will appear in this action and contest jurisdiction.

IT IS SO ORDERED.

Dated:   October 23, 2008              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE